**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CORRINE ALICE SALAHI | ) | Case No. 11-16621-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| ROBERT D. BURKE, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 12-01195 |
| | ) | |
| CORRINE ALICE SALAHI, *et al.* | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

This case involves the contours – and the limits – of the Trustee's strong-arm powers under Section 544 of the Bankruptcy Code. On April 25, 2012, the Court granted the Chapter 7 Trustee's Motion to Compel the Debtor to turn over certain property, specifically, a Promissory Note made by the Montessori School of Alexandria. *In re Salahi*, No. 11-16621, 2012 WL 1438213 (Bankr. E.D. Va. April 25, 2012). The Court ruled that the Note, which was held in a self-settled trust created by the Debtor, was property of the estate under Section 541(a) of the Bankruptcy Code. *Id.* at *6. Roughly two weeks later, on May 9, 2012, Robert D. Burke, Trustee of the Robert D. Burke CPA, P.C., Profit Sharing Plan, filed this adversary proceeding. Mr. Burke, as Trustee, claims to be a creditor of Mr. Salahi, and further asserts that the Note was fraudulently transferred to the Dirgham Salahi Trust, to the detriment of Mr. Salahi's creditors.

Burke, Trustee, claims to be a creditor of Dirgham Salahi, by virtue of a guaranty given by Mr. Salahi for the debts of Oasis Vineyard, Inc. and The Salahi Limited Partnership.

1

Complaint, ¶ 2.  The Complaint further alleges that the Montessori School owed Mr. Salahi $166,872.22.  *Id*. at ¶ 3.  The Complaint alleges that the Note was made payable to the Dirgham Salahi Trust "with the object and intent to prevent the Plaintiff from realizing anything from Dirgham Salahi's receivable from the Montessori School of Alexandria."  *Id.*  Further, the Complaint alleges that the Dirgham Salahi Trust gave no consideration for the Note, and that Mr. Salahi was insolvent at the time of the transfer.  *Id.*  The Complaint seeks to avoid the transfer of the Note to the Trust as a fraudulent transfer under Virginia law.  Complaint, Count I.[1]

The matter comes before the Court on the Bankruptcy Trustee's Motion to Dismiss Mr. Burke's Complaint, pursuant to Bankruptcy Rule 7012 (incorporating Fed.R.Civ.P. 12(b)(6)).  Docket No. 6.  For the reasons stated below, the Bankruptcy Trustee's Motion will be denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding, under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (O) (other matters affecting the liquidation of the assets of the estate).

 I.      **The Standard on a Motion to Dismiss: Twombly and Iqbal.**

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.

---

[1] Count II alleges that a transfer of a limited partnership interest in The Salahi Family Limited Partnership to the Debtor likewise was a fraudulent transfer.  At oral argument, counsel for Burke, Trustee, acknowledged that this Count is now moot.

2

In *Iqbal*, the Court held that only a complaint that states a plausible claim for relief will survive a motion to dismiss. 556 U.S. at 679 ("[W]hether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense").[2]

The Court accepts as true all well-pleaded facts in the Complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, --- F.3d ---, No. 11-1796, 2012 WL 2589229 (4th Cir. July 5, 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)" (citing *Iqbal*, 556 U.S. at 678)).

## II.     The Court Looks to Applicable Non- Bankruptcy Law, To Determine the Property Rights of the Parties.

As a general proposition, the Court looks to applicable non-bankruptcy law to determine the property rights and interests of the parties. *Butner v. United States*, 440 U.S. 48, 55 (1979); *Lee v. Anasti (In re Lee)*, 461 Fed.Appx. 227, 233 (4th Cir. 2012). Here, there is no dispute that the applicable non-bankruptcy law is that of Virginia.

Further, as a general matter, the interest of the bankruptcy estate in property rises no higher than that of the debtor, when the petition is filed. *Lee*, 461 Fed.Appx. at 233; *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron),* 155 F.3d 718, 721 (4th Cir.1998). As noted by the Fourth Circuit in *Lee*, the rights of the Trustee and the Debtor are the same, for purposes of determining the parties' respective property rights, and "'there is no reason why such

---

[2] At the same time, it must be remembered that Bankruptcy Rule 7008 (incorporating Fed.R.Civ.P. 8(a)(2)) still only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal* and *Twombly* together do not constitute an invitation to resolve factual disputes on a motion to dismiss.

3

interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *Lee*, 461 Fed.Appx. at 233 (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)).

> **III.    The Interplay of Virginia Code Sections 55-80 and 55-82 and Bankruptcy Code Sections 544(a)(1) and (2).**

Virginia Code Section 55-80, the Virginia fraudulent transfer statute, provides as follows:

> Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.[3]

Section 55-82 of the Virginia Code provides for creditors' suits to avoid transfers alleged to be fraudulent under Section 55-80 (and under Section 55-81, Virginia's voluntary conveyance statute). Section 55-82 provides as follows:

> A creditor before obtaining a judgment or decree for his claim may, whether such claim be due and payable or not, institute any suit which he might institute after obtaining such judgment or decree to avoid a gift, conveyance, assignment or transfer of, or charge upon, the estate of his debtor declared void by either § 55-80 or 55-81; and he may in such suit have all the relief in respect to such estate to which he would be entitled after obtaining a judgment or decree for the claim which he may be entitled to recover. A creditor availing himself of this section shall have a lien from the time of bringing his suit on all the estate, real and personal, hereinbefore mentioned, and a petitioning creditor shall be entitled to a like lien from the time of filing his petition in the court or in the clerk's office of the court in which the suit is brought. If the proceeds of sale be insufficient to satisfy the claims of all the creditors whose liens were acquired at the same time they shall be applied ratably to such claims and the court may make a personal decree against the debtor for any deficiency remaining on the claim of any creditor after applying thereto his share of the proceeds of sale, or, if any creditor be not entitled to share in such proceeds, may render a personal decree against the

---

[3] Virginia has not adopted the Uniform Fraudulent Transfer Act (UFTA).

debtor for the full amount of the creditor's claim. This section is subject to the provisions of §§ 8.01-268 and 8.01-269.

Bankruptcy Code Sections 544(a)(1) and (2) endow the bankruptcy trustee with certain "strong-arm powers." Specifically, these Sections provide as follows:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> >
> > (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists . . . .

11 U.S.C. § 544(a)(1)-(2). The bankruptcy Trustee, therefore, occupies the position of one with an unsatisfied judicial lien, under Sections 544(a)(1) and (2).

   A. *Virginia Case Law on the Writ of Fieri Facias.*

In Virginia, the writ of execution for a judgment creditor historically has been known, and is still known, as a writ of fieri facias. Va. Code § 8.01-466, *et seq.* The Trustee, by virtue of her strong-arm powers under 11 U.S.C. §§ 544(a)(1) and (2), stands in the shoes of one with an unsatisfied writ of fieri facias against the Debtor. The issue is what, precisely, this means under applicable non-bankruptcy law.[4]

In Virginia, the writ of fieri facias gives a judgment creditor no greater rights in property than its judgment debtor owns. *Int'l Fidelity Ins. Co. v. Ashland Lumber Co., Inc.*, 250 Va. 507,

---

[4] The Court uses the term "unsatisfied" advisedly here. *See infra* Part III(B) (discussion of Restatement of Restitution, First, §§ 172 & 173).

463 S.E.2d 664 (1995); *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954).  In

*International Fidelity*, the Virginia Supreme Court held as follows:

> The writ of fieri facias creates a lien in favor of the judgment creditor only to the extent that the judgment debtor has a possessory interest in the intangible property subject to the writ. *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954). Accordingly, when the judgment debtor has no interest in the property held by the suggested garnishee, the writ does not create a valid lien on that property, and the suggestion for summons in garnishment must fail.

250 Va. 507 at 511, 463 S.E.2d 664, 666-67.  Similarly, in *Lynch v. Johnson*, the Court held:

> [A] proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee, and therefore the judgment creditor stands upon no higher ground than the judgment debtor and can acquire no greater right than such debtor himself possesses.

196 Va. at 521, 84 S.E.2d 419, 422.  The proposition that a judgment lienholder has no greater rights than the judgment debtor is well established in Virginia law.  In *Barnes v. American Fertilizer Co.*, the Court noted:

> "It may therefore be laid down as a universal rule, established by many cases, that a judgment lien is always subject to every possible description of equity held by a third party against the debtor at the time the judgment attached; and that it is immaterial whether the rights of such third party consists of an equitable estate or interest in the judgment debtor's land, an equitable lien on his land, or a mere equity against the debtor which attaches to or affects his land. Nor is it at all material whether the judgment debtor has or has not, when he contracted his debt or obtained his judgment or docketed the same, notice of such equitable estate, equitable lien, or mere equity. If they be prior in time to the judgment, they will always be preferred to the judgment lien. The authorities we have cited abundantly sustain this conclusion; and there is no exception to this universal rule, except where such exception has been made by some statute law."

144 Va. 692, 722, 130 S.E. 902, 911 (1925) (quoting *McClanahan's Adm'r v. Norfolk & W. R. Co.*, 122 Va. 705, 768-69, 96 S.E. 453, 466 (1917)).

Virginia law is entirely consistent with the view of the Fourth Circuit in *Dameron* and, more recently, in *Lee*: the bankruptcy Trustee obtains no greater rights than the Debtor had in property, as of the date of the petition.

    B.  *The Restatements of Restitution (First and Third).*

Both the Restatement of Restitution (First) (1937) and Restatement of Restitution and Unjust Enrichment (Third) (2011) are consistent with Virginia case law.[5]  The Restatement (First) of Restitution, Sections 172 and 173, state as follows:

> § 172. Bona Fide Purchase.
>
> > (1) Where a person acquires title to property under such circumstances that otherwise he would hold it upon a constructive trust or subject to an equitable lien, he does not so hold it if he give value for the property without notice of such circumstances.
> >
> > (2)  In the Restatement of this subject such a transferee is called a bona fide purchaser.
>
> § 173. Value.
>
> > (1) The rules as to what constitutes value in the Restatement of this Subject are the same as the rules stated in §§ 298-309 in the Restatement of Trusts, except as stated in Subsection (2).
> >
> > (2)  Except in the case of a transfer by an express trustee, a transfer of property other than an interest in land in satisfaction of or as security for a pre-existing debt or other obligation is a transfer for value.

Comments (j) and (k) to Section 173 are particularly instructive on the subject.  They provide, in part:

> *(j) Creditors.* Where a person holds property subject to a constructive trust, his creditors are not purchasers for value and are subject to the constructive trust, except as stated in comment *k*. Thus, if a person who holds property subject to a constructive trust makes an assignment for the benefit of his creditors, the assignee is not a bona fide purchaser of the

---

[5]  There is no Restatement (Second) of Restitution.  The effort apparently was abandoned in 1985 after some controversy within the working group.  *See* Andrew Kull, *Restitution Rollout: The Restatement (Third) of Restitution & Unjust Enrichment: Three Restatements of Restitution*, 68 Wash. & Lee L. Rev. 867, 867 (2011).

property (see Restatement of Trusts, § 306). So also, if he becomes bankrupt, the trustee in bankruptcy is not a bona fide purchaser of the property (see Restatement of Trusts, § 307). So also, *a creditor who attaches the property or obtains and records a judgment or levies execution upon the property is not a bona fide purchaser,* although he had no notice of the constructive trust (see Restatement of Trusts, § 308) . . . .

\*   \*   \*

*(k)   Purchaser at execution or judicial sale.* If property is held by a person subject to a constructive trust, and is sold on execution upon a judgment against him or at a judicial sale and the purchaser pays the purchase price without notice of the constructive trust, he is a bona fide purchaser. (See Restatement of Trusts, § 309). This is true whether the property is purchased by a third person or by the judgment creditor himself. It is true not only in the case of sales on the execution of a judgment but also in the case of sales by a trustee in bankruptcy, receivers' sales, sales under court order by an executor or administrator, tax sales, and partition sales. In all these cases the purchaser is protected, although the sale was not voluntarily made by the transferor.[6]

Restatement (First) of Restitution, § 173 (1937) (emphasis added).

Bankruptcy Code Section 544(a)(2) is entirely consistent with the above-quoted commentary. Section 544(a)(2) gives the bankruptcy Trustee the rights of a creditor who obtains "an execution against the debtor *that is returned unsatisfied* at such time." (Emphasis added). That is, the bankruptcy Trustee occupies the position of the creditor with an unsatisfied judicial lien under Comment (j), and not that of the creditor who purchases at a judicial (or other) sale under Comment (k).

The Restatement (Third) of Restitution and Unjust Enrichment (2011) reaches the same result. Section 60 (Priority) provides in part:

(1)  Except as otherwise provided by statute and by § 61, a right to restitution from identifiable property is superior to the competing rights of a creditor of the recipient who is not a bona fide purchaser or payee of the property in

---

[6]  The Restatement (First) of Restitution was published in 1937. It is not, therefore, helpful in determining Congressional intent with respect to the meaning of Bankruptcy Code Sections 544(a)(1) and (2). At the same time, a departure from pre-Code practice is not to be lightly inferred. *See Maharaj v. Stubbs & Perdue, P.A. (In re Maharaj)*, 681 F.3d 558, 571 (4th Cir. 2012) ("[W]e are mindful that courts 'will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure'" (quoting *Hamilton v. Lanning*, 130 S.Ct. 2464, 2467, 177 L. Ed. 2d 23 (2010))).

>    question. Acquisition of a judicial lien (by attachment, garnishment,
>    judgment, execution or the like) does not make the lien creditor a purchaser of
>    the property subject to lien.

Restatement (Third) of Restitution and Unjust Enrichment, § 60 (2011).  The Comments to Section 60 illustrate the issue with particular clarity:

> *(f) Restitution in bankruptcy.*
>
> \*    \*    \*
>
> The underlying dispute is not decades but centuries old: it is the contest between the judgment creditor and the holder of a prior equitable interest affecting the judgment debtor's apparent title to property. As a matter of applicable nonbankruptcy law, the outcome of this contest is not in doubt. The holder of the prior equitable interest prevails over the judgment creditor, except insofar as (1) the judgment creditor might qualify as a bona fide purchaser by the rule of § 66, or (2) the prior interest might be subordinated or invalidated by statutes requiring that particular transfers be registered or recorded as a condition of their effectiveness against protected third parties.
>
> \*    \*    \*
>
> This preference for the restitution claimant over the judgment creditor rests on rules of common law and equity of exceptionally long standing. The judicial rationale has always been that the judgment creditor – unlike the purchaser for value – does not change position in reliance on the debtor's apparent title; or not, at least, in a manner sufficient to justify cutting off the claimant's equitable rights.

*Id.*

The Court notes that the same result would *not* obtain, with respect to the Trustee's strong-arm rights as to unrecorded interests in real property owned by the Debtor, under Section 544(a)(3).  There, the Trustee occupies the position of a bona fide purchaser for value, and takes title to the Debtor's real property free and clear of latent, or unrecorded, interests.  *See Wells Fargo Funding v. Gold*, 432 B.R. 216 (E.D. Va. 2009); *Mayer v. United States (In re Reasonover)*, 236 B.R. 219 (Bankr. E.D. Va. 1999).

*C. A Return to Va. Code § 55-80.*

Va. Code Section 55-80 provides protection for "a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor." That is, the statute protects only purchasers for value without notice, a position the bankruptcy Trustee does not occupy in this case.

The remedy for a fraudulent transfer claim under Sections 55-80 and 82 is: (a) a declaration that the transfer is void, and (b) a sale of the property. *See also* Va. Code § 55-82.1 (award of attorney's fees); Va. Code § 55-82.2 (authority of the court to set aside a transfer under Sections 55-80 and 81 during an action brought by a creditor to execute on a judgment). In fact, an *in personam* judgment against the transferee is only allowed where the property transferred is money, or something similar. *Mills v. Miller Harness Co., Inc.,* 229 Va. 155, 158, 326 S.E.2d 665, 667 (1985) ("We find nothing in the statute authorizing a court to award an *in personam* judgment when a fraudulent conveyance is set aside"); *Price v. Hawkins*, 247 Va. 32, 37 439 S.E.2d 382, 385 (1994) (allowing *in personam* judgment where subject of the transfer was money).[7] Thus, a fraudulent transfer claimant has an equitable claim to the property itself, not just a legal claim for money damages.

The bankruptcy Trustee argues that the lien granted to the Plaintiff under Section 55-82 arises, by the terms of the statute, only "from the time of bringing his suit on all the estate." Trustee's Motion to Dismiss, p. 4 (quoting Va. Code § 55-82). The Trustee argues that there was no suit pending at the time of the bankruptcy filing in this case, nor as far as she knows, was any claim ever made under Section 55-80 prior to the filing of the bankruptcy. However, the

---

[7] Where the bankruptcy Trustee is the Plaintiff, the Trustee not only has avoidance powers under Section 548, but under certain circumstances, the ability to obtain an *in personam* judgment for the value of the property as well. 11 U.S.C. § 550(a).

10

Plaintiff isn't claiming that he is a creditor with a lien under Section 55-82 that trumps the Trustee's judicial lien under Section 544(a)(1) and (2). The Plaintiff is claiming that the Note was fraudulently transferred to the Debtor. In this sense, this is not a question of a race to the courthouse, i.e., which party's lien first attached to the Note; rather, it is a question of the nature of the Trustee's property interest versus the Plaintiff's asserted property interest in the Note. For the reasons stated above, the Court finds that the bankruptcy Trustee takes the Note subject to the Plaintiff's fraudulent transfer claim, whether or not the claimant has asserted a lien under Section 55-82 before the bankruptcy was filed.

The Trustee argues finally that there was no memorandum of lien filed under Section 55-82. But, the filing of a memorandum of lien was unnecessary – the bankruptcy Trustee does not, and cannot, occupy the position of a bona fide purchaser under Va. Code § 55-80, by virtue of her strong-arm powers under Sections 544(a)(1) and (2). Further, Section 55-82 provides that the memorandum of lien "is subject to the provisions of §§ 8.01-268 and 8.01-269," the Virginia *lis pendens* statutes. Virginia Code Section 8.01-268(a), in turn, provides that no *lis pendens* or attachment "shall bind or affect a subsequent bona fide purchaser of real or personal estate for valuable consideration and without actual notice of such lis pendens or attachment, until and except from the time a memorandum" is filed setting forth the nature of the cause and other matters pertinent to the claim. It is clear, therefore, that Section 55-82, in providing for a notice of lien, is intended to put potential bona fide purchasers on notice of a fraudulent transfer or voluntary conveyance claim, in order to cut off any claim of a bona fide purchase without notice of the claim.

In sum, the Plaintiff has stated a plausible fraudulent transfer claim to the Note. Further, the Plaintiff has stated sufficient facts, in the form of badges of fraud, to state a plausible claim to

avoid the transfer of the Note to the Dirgham Salahi Trust as a fraudulent transfer under Va. Code § 55-80. *See Phillips v. Moazzeni (In re Tarangelo)*, 378 B.R. 128, 134 (Bankr. E.D. Va. 2007) (badges of fraud include "(1) retention of an interest in the transferred property by the transferor; (2) transfer between family members for allegedly antecedent debt; (3) pursuit of the transferor . . . [by creditors] at the time of the transfer; (4) lack of or gross inadequacy of consideration for the conveyance; (5) retention or possession of the property by the transferor; and (6) fraudulent incurrence of indebtedness after the conveyance" (quoting *Hyman v. Porter (In re Porter),* 37 B.R. 56, 63 (Bankr. E.D. Va.1984))). *See also Hutcheson v. Savings Bank of Richmond*, 129 Va. 281, 105 S.E. 677 (1921) (describing badges of fraud under Virginia law). The Motion to Dismiss will be denied.

## Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss will be denied. A separate Order will issue.

Date: _____
                                    Brian F. Kenney
                                    United States Bankruptcy Judge

Copies to:

Robert D. Burke, Trustee
C/o Julian Karpoff
Karpoff & Title
P.O. Box 990
Arlington, VA 22216
Plaintiff

Julian Karpoff, Esquire
P.O. Box 990
Arlington, VA 22216
Counsel for the Plaintiff

Corrine Alice Salahi
1441 Hume Road
Hume, VA 22639
Defendant

Corrine Alice Salahi, PR Estate of D. Salahi
1441 Hume Road
Hume, VA 22639
Defendant

Corrine Alice Salahi, Tr of Dirgham Salahi Trust
1441 Hume Rd.
Hume, VA 22639
Defendant

Thomas O. Murphy, Esquire
8709 Plantation Lane
Manassas, VA 20110-4506
Counsel for Defendant Corrine Alice Salahi

Janet M. Meiburger, Esquire
The Meiburger Law Firm, P.C.
1493 Chain Bridge Rd., Suite 201
McLean, VA 22101
Chapter 7 Trustee